# In the United States Court of Federal Claims

No. 26-313
Filed: March 10, 2026

|  |  |
|---|---|
| WENDELL D. O'NEAL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DISMISSAL ORDER

On February 23, 2026, Wendell O'Neal, proceeding *pro se*, filed a complaint in this Court alleging that the federal government "denied [Mr. O'Neal] affordable healthcare through the Alabama Medicaid program" and "intentionally violated the FOIA to conceal evidence." *See* Compl., ECF No. 1 at 1. Mr. O'Neal further alleges that the government "breached its contract to provide O'Neal affordable healthcare by failure [sic] to properly train, supervise, and regulate the Alabama Medicaid agency." *Id*. at 2. Mr. O'Neal invoked Title XXVII of the Public Health Services Act and the False Claims Act as the statutory bases for the various claims he asserted, and asserted other claims for breach of contract, negligence, "analogous wantonness," and FOIA-related violations. *Id*. at 1–2, 11–30.

On February 26, 2026, the Court issued an order to show cause, explaining that it harbored "serious[] doubt" that it could exercise jurisdiction over the claims raised in Mr. O'Neal's complaint. *See* Feb. 26, 2026 Order, ECF No. 5 at 1. The order noted that "[w]hile Mr. O'Neal asserts a breach of contract claim, his allegations—alleged failure by the government to provide affordable healthcare—do not appear to establish a breach of contract claim that this Court can entertain." *Id*. The Court also explained that it could not exercise jurisdiction over the other claims raised in the complaint—negligence, "analogous wantonness," and FOIA-based claims—because those claims did not come within the Court's limited jurisdictional authority. *Id*. The order directed Mr. O'Neal to show cause by March 19, 2026 as to why this case should not be dismissed for lack of subject-matter jurisdiction and requested that Mr. O'Neal identify which money-mandating source (or sources) of law he is invoking and explain why this Court has jurisdiction over this case.

On March 9, 2026, Mr. O'Neal filed a response with the Court, arguing that jurisdiction is proper in the Court of Federal Claims under the False Claims Act and unidentified Medicaid provisions. *See* O'Neal's Response to the Show Cause Order, ECF No. 7 at 3–5.

- 2 -

Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  After careful review, the Court finds that it lacks subject-matter jurisdiction over the claims asserted in Mr. O'Neal's complaint.  The Court lacks authority to hear tort claims asserted against the federal government, foreclosing any possible award of relief on Mr. O'Neal's negligence and "analogous wantonness" claims. *Jackson v. United States*, 242 F. App'x 698, 701 (Fed. Cir. 2007) ("The Court of Federal Claims has no jurisdiction over tort actions against the United States.").  The Court also cannot hear any claims alleging violations of FOIA.  *Gelb v. United States*, 2023 WL 2707243, at *4 (Fed. Cl. Mar. 30, 2023) ("The FOIA is not money-mandating, and the Court of Federal Claims lacks subject-matter jurisdiction over claims arising under the FOIA.").

Finally, the Court must dismiss the remainder of Mr. O'Neal's claims.  Mr. O'Neal identified the False Claims Act as the money-mandating source of law justifying suit in this Court. The law, however, is clear that claims asserting violations of the False Claims Act must be pursued in the federal district courts.  *Schweitzer v. United States*, 82 Fed. Cl. 592, 595 (2008) (the Court of Federal Claims "because it is well-settled that jurisdiction over such claims lies exclusively in the district courts.").

The Court accordingly **DISMISSES** Mr. O'Neal's complaint **WITHOUT PREJUDICE** for lack of subject matter jurisdiction under RCFC 12(h)(3).  The Clerk of the Court is directed to enter judgment accordingly and mail a copy of this order to Mr. O'Neal at his last known address.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge